UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA NEVERS | CIVIL ACTION NO. |
| VERSUS | 20-485-BAJ-EWD |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 22, 2023.

                                                              *Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Certified Mail No. 7018 0360 0001 1615 7183

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

SHAWANDA NEVERS                                CIVIL ACTION NO.

VERSUS                                                          20-485-BAJ-EWD

DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

This matter is before the Court because Plaintiff Shawanda Nevers ("Nevers") has failed to timely effect service of process on the remaining defendants.[1] It is recommended that this case be dismissed for failure to serve under Fed. R. Civ. Proc. 4(m) as Nevers still did not act or explain the failure to serve, as ordered by this Court.[2]

**I.     Background**

Nevers brought this suit against numerous defendants, alleging violations of her constitutional rights while she was incarcerated at the Louisiana Correctional Institute for Women ("LCIW").[3] This Court screened Nevers' case as mandated by 28 U.S.C. §§ 1915(e) and 1915A, and dismissed all claims except Nevers' claim for monetary damages for failure to protect against Lashawnda Burks, Deputy Warden LeBlanc, Warden Boutte, Colonel Brown, Assistant Warden Jackson, and Assistant Warden Pedascleaux. The court ordered service on July 8, 2022.[4] In that Order, it was explained that "Plaintiff is required to provide a completed U.S. Marshal Form 285 for each defendant to be served. USMS will not serve any defendant without a properly completed

---

[1] Pursuant to the screening conducted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court dismissed all named defendants except LaShawnda Burks, Deputy Warden LeBlanc, Warden Boutte, Colonel Brown, Assistant Warden Jackson, and Assistant Warden Pedascleaux. R. Docs. 17 & 18. Nevers has failed to take steps to have those remaining Defendants served in this case.
[2] R. Doc. 21.
[3] R. Doc. 1.
[4] R. Doc. 19.

form.[5] Summonses were issued that same day.[6] On November 4, 2022, because no activity was reflected on the docket after summonses were issued, Nevers was ordered to show cause in writing as to why her claims should not be dismissed for failure to timely effect service.[7] In lieu of responding to the show cause, the Court noted that Nevers could complete the U.S. Marshal Form 285 required for service and file a Notice of Compliance with the Court stating that she had submitted the form.[8] A copy of the U.S. Marshal Form 285 was also attached to the show cause Order. Nevers was warned that "[f]ailure to timely comply with this Order may result in the dismissal of Shawanda Nevers' remaining claims without further notice."[9] Nevers has wholly failed to respond to the Order and a review of the docket shows no service information for any remaining defendant.

## II.    Law & Analysis

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed. Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint." Service was ordered over six months ago, and Nevers has not taken any action to have the remaining Defendants served.[10]

To avoid dismissal, Nevers must show good cause for failing to serve, and, if good cause is shown, the Court must extend the time for service.[11] To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[12] Whether a plaintiff

---

[5] *Id.,* p. 1, fn. 1.
[6] R. Doc. 20.
[7] R. Doc. 21.
[8] R. Doc. 21.
[9] R. Doc. 18, p. 5.
[10] R. Doc. 19.
[11] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[12] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985), quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969).

has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case.[13] At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."[14] Because Nevers has wholly failed to respond to the Court's show cause Order, she has not demonstrated good cause.

However, even if Nevers lacks good cause, the Court may extend the time for service.[15] Such an extension may be warranted "if the applicable statute of limitations would bar the refiled action."[16] Nevers complains of events that occurred in 2019. Although dismissal of this Complaint will be without prejudice, because the dismissal may have the effect of a dismissal with prejudice as refiling may be time barred, the Court must apply a heightened standard to determine whether this case should be dismissed.

Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[17] Further, one of the following three factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Here, Nevers has not taken any action in this case in over seven months since the screening Report and Recommendation was issued. Although some claims against some defendants survived screening, Nevers has not complied with the requirements to have these

---

[13] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).
[14] *Id.*
[15] *Thompson*, 91 F.3d at 21.
[16] *Milan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).
[17] *Milan*, 546 F.3d at 326 (internal quotation marks and citations omitted).

3

defendants served and she has failed to respond to this Court's orders.[18]  Nevers' inaction in this matter supports dismissal, even if refiling may be time barred.[19]

## RECOMMENDATION

**IT IS RECOMMENDED** that Shawanda Nevers' remaining claims be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. Proc. 4(m) for failure to timely effect service upon the remaining defendants, LaShawnda Burks, Deputy Warden LeBlanc, Warden Boutte, Colonel Brown, Assistant Warden Jackson, and Assistant Warden Pedascleaux, and that this case be **CLOSED**.

## ORDER

**IT IS ORDERED** that the Clerk of Court shall transmit this Report, Recommendation, and Order to Plaintiff Shawanda Nevers at the address listed on PACER by regular mail and by certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on February 22, 2023.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] *McWherter v. Collins*, 71 F.3d 875 (5th Cir. 1995) ("At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.") (internal quotation marks and citations omitted).

[19] This Report and Recommendation will be provided to Nevers at the address she gave to the Court by regular and certified mail in an effort to ensure that she receives it.  If Nevers has an explanation for her failure to serve, she will have the 14-day objection period to provide that information to the Court.

4